■ RONALD L. LORENSEN et al., Appellants, v STATE OF NEW YORK, Respondents. (Claim No. 90359.) [671 NYS2d 790] —Carpinello, J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered January 22, 1997, upon a decision of the court in favor of the State.

After observing two individuals traveling west on the Thruway in a black 1988 Ford Escort automobile with what appeared to be a sawed-off shotgun, a concerned motorist called 911 on his cellular phone. After receiving a radio transmission predicated on the 911 call, State Trooper John Dingman spotted a similar looking westbound vehicle. After verifying that the license plate number on the vehicle was the same number provided by the motorist, he was instructed by his Sergeant to pull it over pursuant to "felony stop" procedures.[1]

In accordance with State Police procedures governing such stops, Dingman activated his emergency lights, pulled the vehicle over, drew his weapon and instructed claimants, the vehicle's two occupants, to raise their hands and remain in the vehicle. He then waited for additional police backup, which arrived within minutes, before instructing each claimant to exit the vehicle and walk backward toward his voice, whereupon each was handcuffed and placed in separate State Trooper cars. When a search of the vehicle produced no weapon— rather, claimant Larry T. McClenon possessed a newly purchased $300 paint ball gun which resembled a real gun— claimants were immediately released. As a result of this incident, claimants filed a claim against the State for false imprisonment, assault, battery and negligence. The Court of Claims' grant of judgment after trial in favor of the State dismissing the claim prompted this appeal.

We affirm. To recover on their claim of false imprisonment, claimants were required to demonstrate an intentional and nonconsensual confinement of which they were aware and which was not privileged (see, Broughton v State of New York, 37 NY2d 451, 456-458, cert denied sub nom. Schanbarger v Kellogg, 423 US 929).[2] Here, the only disputed element is that of privilege. Upon our review of the record, we are eminently satisfied that the State met its burden of establishing that claimants' confinement was indeed privileged (see, id., at 458). Claimants' vehicle, a black Ford Escort containing two occupants traveling west on the Thruway, matched precisely the detailed description provided by the concerned motorist. Given

1. Dingman explained that "a situation that poses a potential serious threat or harm to the officer" is treated as a "felony stop" under State Police procedures.

2. As claimants are seeking damages resulting from an alleged wrongful detention, they are "relegated to the traditional remed[y] of false * * * imprisonment" (Higgins v City of Oneonta, 208 AD2d 1067, 1069, lv denied 85 NY2d 803); accordingly, the negligence cause of action was properly dismissed by the Court of Claims (see, id.; see also, Heath v State of New York, 229 AD2d 912).

the potential gravity of the situation—that the vehicle's occupants might be in possession of a sawed-off shotgun which they had been waving around just minutes earlier—Dingman was justified in pulling the vehicle over and detaining claimants in the manner in which he did to ensure the State Troopers' personal safety (*see*, CPL 140.50 [1]; *People v Russ*, 61 NY2d 693, 694; *People v Larkins*, 116 AD2d 194, *lv denied* 67 NY2d 1054; *cf.*, *Tetreault v State of New York*, 108 AD2d 1072, 1073). In short, the record supports the Court of Claims' finding that the conduct of the State Troopers under the circumstances was based on reasonable suspicion and the confinement of claimants was privileged.

Claimants' assault and battery causes of action are based on allegations that they were pushed, kicked and twisted in their handcuffs during the detention resulting in physical and psychological damages. Resolution of these claims rested upon the evaluation of sharply divergent testimony concerning the level of force utilized during the brief road-side detention. The Court of Claims specifically found that "the force used was not more than was necessary under all the circumstances". Based upon our review of the record before us, we see no reason to depart from our long-established policy of deferring to the trial court on this issue of credibility (*see, e.g.*, *Slaughter v State of New York*, 238 AD2d 770; *Trendell v State of New York*, 214 AD2d 887, 888-889; *Brooker v State of New York*, 206 AD2d 712).

Claimants' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.