THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY L. WALLACE, Appellant. [861 NYS2d 833]—

Rose, J. Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered December 8, 2006, upon a verdict convicting defendant of the crimes of rape in the first degree, criminal sexual act in the first degree and criminal possession of a weapon in the third degree.

Defendant was charged by indictment with rape in the first degree, criminal sexual act in the first degree and criminal possession of a weapon in the third degree arising out of allegations that he forced the 18-year-old victim to engage in oral sexual contact and sexual intercourse in a guest room at the hotel where she was working. At the jury trial, the victim testified that defendant, who had been a guest at the hotel, tricked

her into opening up the doors to several guest rooms, pulled her inside one of the rooms, held what she believed to be a knife over her head, and forced her to perform oral sex and engage in sexual intercourse. Defendant admitted having sexual relations with the victim, testifying that she had initiated the encounter by saying she wanted to be with a black man and, when he agreed to participate, she then asked him to go to a room which she selected, she consented to the sexual contact, but then became agitated after he asked for her telephone number. The jury convicted defendant of all counts and County Court ultimately sentenced him to two consecutive 20-year terms of imprisonment and five years of postrelease supervision for the rape and criminal sexual act convictions, to run concurrently with a prison term of 1½ to 4½ years for the criminal possession of a weapon conviction. Defendant now appeals.

Defendant contends that his knife should not have been admitted into evidence at trial because the police obtained it as a result of an unreasonable search and seizure. We disagree. At the suppression hearing, there was evidence that the officer who stopped defendant's vehicle did so based upon being informed that there had been a sexual assault with a weapon by a black male driving a blue car with Ohio licence plates. The officer approached the car with his gun drawn, placed defendant in handcuffs and, in patting him down, found a switchblade knife. Based on the information provided and the fact that defendant fit the description of the perpetrator, the officer clearly had a reasonable suspicion that defendant had been involved in criminal activity and, thus, the stop of the car was proper (see People v Sobotker, 43 NY2d 559, 563-564 [1978]; People v Spencer, 16 AD3d 918, 919 [2005], lv denied 5 NY3d 770 [2005]). Given that there was reason to believe that defendant was armed, the officer also acted reasonably in approaching with his weapon drawn and patting defendant down to ensure his safety, thereby discovering the knife (see CPL 140.50 [3]; Lorensen v State of New York, 249 AD2d 762, 763-764 [1998], lv denied 92 NY2d 807 [1998]; People v Larkins, 116 AD2d 194, 196 [1986], lv denied 67 NY2d 1054 [1986]).

Defendant's contention that the evidence was legally insufficient to support his conviction of criminal sexual act in the first degree because the victim did not give a sufficiently detailed description of what she meant by engaging in "oral sex" is unpreserved because he did not raise it as a ground for his motion to dismiss at the end of the People's case (see CPL 470.05 [2]; People v Finger, 95 NY2d 894, 895 [2000]). In any event, defendant also testified that the victim had performed "oral sex"

on him and, if we were to view the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we would find that the use of that term established that "oral sexual conduct," as that term is used in describing the crime of criminal sexual act in the first degree (*see* Penal Law § 130.00 [2]; § 130.50 [1]), was shown to have occurred here (*see e.g. People v Plaisted*, 2 AD3d 906, 907 [2003], *lv denied* 2 NY3d 744 [2004]).

Defendant also argues that his convictions for rape in the first degree and criminal sexual act in the first degree are contrary to the weight of the evidence because the victim's testimony was improbable and inconsistent, and his testimony of how the sex acts occurred was more plausible. Defendant also argues that, contrary to the People's claim at trial, the victim had a motive to lie because she immediately began to fear that she would become pregnant, lose her boyfriend and face the prospect of an abortion.

As a different verdict would not have been unreasonable, we will "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643-644 [2006] [internal quotation marks and citations omitted]). Here, although the victim's testimony suggests that she was gullible in accepting defendant's explanation of a need to look in several hotel rooms and in accompanying him away from the hotel's front desk while she was the sole desk clerk on duty, her testimony described nothing that was physically or logically impossible, or that was clearly contradicted by any evidence other than defendant's testimony (*see generally People v Calabria*, 3 NY3d 80, 82-83 [2004]). As for the victim's statement that she saw the knife handle, but not its blade, the issue of which witness gave the more plausible account regarding the role of the knife in their encounter was fully explored by the People and defendant's counsel during cross-examination and in the closing arguments, leaving it to the jury to decide whose testimony to credit. Credibility is generally an issue for the trier of fact "whose province it is to believe all or part of a witness's testimony, even though it is at times confusing and inconsistent" (*People v Bey*, 179 AD2d 905, 907 [1992], *lvs denied* 79 NY2d 918, 1046 [1992]). In addition to the undisputed presence of the knife, the victim testified that defendant had told her he would kill her if she screamed. "According deference to the jury's opportunity to hear the testimony and observe the witnesses' demeanor" (*People v Plaisted*, 2 AD3d at 908), we cannot conclude that the jury's finding that defendant engaged in

sexual relations with the victim by forcible compulsion is against the weight of the evidence (*see e.g. People v Colvin*, 37 AD3d 856, 857 [2007], *lv denied* 8 NY3d 944 [2007]).

Nor did County Court's instructions to the jury during deliberations coerce the jurors to reach agreement on a verdict due to the lateness of the hour. The court twice instructed the jurors not to change their minds due to the late hour or because they were outvoted, and assured them that they would not in any way be penalized if they could not reach a unanimous verdict yet that evening. Thus, the court's instructions were not coercive or prejudicial to defendant (*see People v Alvarez*, 86 NY2d 761, 763 [1995]; *People v Williams*, 306 AD2d 691, 693 [2003], *lv denied* 1 NY3d 582 [2003]).

Lastly, however, we are persuaded that defendant's aggregate sentence of 40 years, although legally permissible, should be reduced in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780, 783 [1992]). Under all these circumstances, we direct that all of the sentences imposed shall run concurrently to one another (*see People v Harris*, 288 AD2d 610, 619 [2001], *affd* 99 NY2d 202 [2002]), and that the expiration date of the order of protection be changed to February 26, 2034 (*see* CPL 530.13 [4] [ii]).

Cardona, P.J., Peters, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentence for criminal sexual act in the first degree shall run concurrent with the sentences for rape in the first degree and criminal possession of a weapon in the third degree; matter remitted to the County Court of Otsego County for the issuance of an amended order of protection with an expiration date of February 26, 2034; and, as so modified, affirmed.