■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHON BOOKER, Appellant. [881 NYS2d 735]—

Garry, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered September 11, 2008, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree (four counts), burglary in the third degree, grand larceny in the fourth degree and conspiracy in the fourth degree.

In two separate incidents occurring on the same day in the same part of the City of Ithaca, Tompkins County, victims reported that they were robbed at gunpoint by two black men. One of the victims pursued the men and saw them get into the back seat of a white vehicle that he described as similar in model and style to a Chevrolet HRR. The victim jumped onto the car's hood and pounded it with his fist. He saw two white women in the front seat; he recognized the passenger and was able to give a specific description to the police.

Police investigators determined that the detailed description of this passenger's appearance matched that of a woman whom police had recently stopped while driving a white PT Cruiser, a vehicle similar in body type and style to that described by the victim. Approximately 15 hours after the second burglary, police officers went to an apartment complex frequented by this woman. In the parking lot, they found and photographed a white PT Cruiser with a small dent on the hood, as well as smears ap-

pearing to be fingermarks. Shortly thereafter, officers saw the same vehicle—now occupied by several people—being operated on a nearby street. They stopped the vehicle, which proved to contain two black men, one of whom was defendant, and a white man in the back seat. Two white women were in the front, one of whom was the woman previously stopped by the police. Defendant and the other occupants, except for the white male, were arrested. The vehicle was searched with the consent of the woman who had rented it. Inside a backpack in the car, police found a pellet gun and a stolen laptop computer.

After his indictment, defendant moved, among other things, to suppress the physical evidence obtained as a result of the vehicle search, as well as statements he made to police. County Court denied the motion following a hearing. Defendant subsequently pleaded guilty to four counts of robbery in the second degree and one count each of burglary in the third degree, grand larceny in the fourth degree, and conspiracy in the fourth degree. He now appeals, contending that the vehicle stop and the subsequent search were unlawful.

To stop a vehicle lawfully, police must have "at least a reasonable suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law" (*People v Sobotker*, 43 NY2d 559, 563 [1978] [emphasis omitted]; *see People v Wallace*, 53 AD3d 795, 796 [2008], *lv denied* 11 NY3d 795 [2008]). Reasonable suspicion is " 'the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe that criminal activity is at hand' " (*People v Sobotker*, 43 NY2d at 564, quoting *People v Cantor*, 36 NY2d 106, 112-113, [1975]). We agree with County Court that the police had reasonable suspicion to believe that the occupants of the PT Cruiser had been involved in unlawful conduct, based on its similarity in color, body type, and style to the vehicle involved in the robbery, the marks on its hood, and the physical resemblance between the victim's description of the woman involved in the robbery and the woman police had previously stopped while operating a similar vehicle. Thus, the stop was proper (*see People v Wallace*, 53 AD3d at 796; *People v Swanston*, 277 AD2d 600, 602 [2000], *lv denied* 96 NY2d 739 [2001]). Further, defendant's warrantless arrest was supported by probable cause (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Swanston*, 277 AD2d at 602-603; *see also* CPL 140.10 [1] [b]). Considering all of the circumstances, police had " 'information sufficient to support a reasonable belief' " that defendant had committed a crime (*People v Shulman*, 6 NY3d 1, 25 [2005], quoting *People v Bigelow*, 66 NY2d

417, 423 [1985]; *accord People v Tillman*, 57 AD3d 1021, 1021-1023 [2008]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.