■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

REMUS MATHIS, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered January 29, 1988, upon a verdict convicting defendant of the crimes of forgery in the second degree (seven counts), grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.

Sometime prior to February 24, 1987, a visiting nurse's aide named Enid Walker apparently took an inactive Carl Company credit card from a disabled patient named Catherine Hamilton and gave it to Annette Hymes and Patricia Mason. On the afternoon of February 24, 1987, defendant accompanied Hymes and Mason and went to the Carl Company store in the Town of Glenville, Schenectady County, where defendant selected four pairs of pants and two shirts. These items, with other merchandise, were purchased using Hamilton's credit card with Hymes signing Hamilton's name.

On the following day, Walker, with the credit card in her possession, was taken into custody for questioning. As a result of the interview, the police obtained a search warrant for the apartment where Mason, Hymes and defendant resided. Defendant was present when the warrant was executed and, when the search uncovered various items of men's clothing with tags from the Carl Company store still attached, he was taken to the police station. After he was advised of his *Miranda* rights, defendant signed a waiver of those rights and an inculpatory statement.

Defendant was indicted on seven counts of forgery in the second degree and one count each of criminal possession of stolen property in the fourth degree and grand larceny in the fourth degree based upon his participation in the credit card transaction at the Carl Company store. His motion to suppress his inculpatory statement and the various items seized during the search of the apartment where he resided was denied. After a jury trial, defendant was convicted as charged. Defendant was sentenced to 3½ to 7 years in prison on the forgery convictions and 2 to 4 years on the other convictions, all sentences to be served concurrently. This appeal by defendant ensued.

Initially, we reject defendant's argument that County Court erred in ruling his inculpatory statement admissible at trial. While, on a motion to suppress, the People have the initial burden of proving defendant's statement voluntary beyond a reasonable doubt *(see, e.g., People v Rosa,* 65 NY2d 380, 386), the defendant bears the ultimate burden of proving the ille-

gality of the evidence *(see, e.g., People v Berrios,* 28 NY2d 361, 367). Further, at a suppression hearing the voluntariness of inculpatory statements can best be tested by examining the circumstances under which the statements were given *(People v Anderson,* 42 NY2d 35, 38). Here, while defendant testified that he had been without sleep for several days before he was taken to the police station where he was questioned for approximately four hours, the record indicates that the questioning officers testified that defendant appeared bored and uninterested rather than sleepy, that he read the waiver form and his statement, and that he was aware of his rights when he signed the form. It was within County Court's authority to credit the officers' testimony which is in no way incredible as a matter of law *(see, e.g., People v Quinones,* 61 AD2d 765, 766). These facts distinguish this case from *People v Anderson (supra),* relied on by defendant, where the defendant was detained without cause and without sleep for over 19 hours while his interrogators worked in relays and he was not advised of his right to counsel until the interrogation had been underway for over 13 hours. Accordingly, we conclude that County Court properly determined that defendant's waiver form and statement were properly signed and given.

We also find unpersuasive defendant's contention that the merchandise allegedly stolen from the Carl Company store should not have been received into evidence. When real evidence is purported to be the actual object associated with a crime, the party offering it must show "that the evidence is identical to that involved in the crime; and, second, that it has not been tampered with" *(People v Julian,* 41 NY2d 340, 342-343). Proving the complete chain of custody is one method to make the required showing *(supra,* at 343). Here, the cumulative proof of the police department's property custodian, of Pamela Mason, who participated with defendant in the illegal purchases of the subject merchandise, and of an employee of the Carl Company store, who was able to match the numbers on the credit card receipts with tickets attached to the property taken from the store, provided satisfactory assurance of identity and unchanged condition of the tagged clothing items.

Defendant's contention that County Court committed reversible error in its charge is without merit. Defendant stated, "I recognized the charge card to be the one that Enid Walker had stolen * * *. I picked out 4 pairs of pants and two shirts. I gave them to the girls. They bought them with the stolen Carl's charge card." Since this statement constitutes a confession, it cannot be said that County Court erred in construing

the statement as direct proof of defendant's accessorial guilt so that a charge on circumstantial evidence was not warranted (see, People v Montgomery, 101 AD2d 893, 894). We also reject defendant's argument that County Court erred in not rendering a missing witness charge. Defendant waived consideration of this issue on appeal by failing to object to County Court's denial of his request for such charge (CPL 60.10; CPLR 4110-b; see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4017.06).

Finally, since the credible evidence, both direct and circumstantial, amply establishes defendant's accessorial conduct with respect to forgery, criminal possession of stolen property and grand larceny as charged (see, Penal Law § 20.00), the judgment must be affirmed in all respects.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.