■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CRANDALL, Appellant. [728 NYS2d 580] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 25, 1999 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

Defendant was indicted on charges of burglary in the third

degree and petit larceny after a City of Albany police officer found him in the backyard of an automobile service business, at night, standing behind a pickup truck containing assorted auto parts. Two codefendants were seated in the truck. When the officer asked what they were doing there, defendant told him that they were getting scrap parts. After the owner of the business arrived at the scene, identified some of the auto parts as his, and advised the officer that the parts were not scrap and that he had not given permission for the entry onto his premises, defendant was arrested and read his *Miranda* rights, which he voluntarily waived. Defendant thereafter made oral and written statements in which he admitted taking auto parts from a truck trailer used for storage at the business. At trial, however, defendant testified that he did not enter the trailer and, instead, took some parts from a nearby scrap bin. Defendant was convicted of both counts of the indictment and now appeals.

Defendant initially contends that he was denied the effective assistance of counsel, a contention which has no support in the record. Defense counsel actively sought to suppress defendant's statements, delivered cogent opening and closing arguments at trial, pursued a plausible defense strategy, conducted effective direct and cross-examination and made appropriate objections. In these circumstances, the specific deficiencies claimed by defendant in hindsight do not render the representation ineffective (*see, People v Flores*, 84 NY2d 184). In particular, the record fails to demonstrate that a request for a missing witness charge was warranted as to the codefendants in the absence of anything in the record to demonstrate that they would naturally be expected to provide noncumulative testimony favorable to the People or that they were in the People's control (*see, People v Youngblood*, 261 AD2d 960, *lv denied* 93 NY2d 1029).

We also reject defendant's claim that defense counsel should be faulted for failing to request that the entire charge on voluntariness be repeated in response to a specific request from the jury. The record reflects that Supreme Court's supplemental instruction to the jury, which repeated the definition of an involuntary statement and the People's burden on that issue, adequately responded to the request. Lastly, defense counsel's failure to request a charge regarding accessorial liability and/or to seek a lesser charge of trespass was consistent with the defense theory that defendant was not guilty of burglary in the third degree because he did not enter the trailer.

Defendant's remaining arguments, including those contained

in his *pro se* submission, are meritless and do not warrant extended discussion. Defendant was not in custody when he made his initial statements in response to investigative questioning at the crime scene (*see, People v Bolarinwa*, 258 AD2d 827, 828-829, *lv denied* 93 NY2d 1014). After his arrest, he was advised of his *Miranda* rights, acknowledged his understanding of those rights and agreed to talk to the police. Considering the totality of the circumstances surrounding the taking of defendant's inculpatory statements, the record provides no basis to disturb Supreme Court's conclusion that the statements were voluntary (*see, People v Blanchard*, 279 AD2d 808). To the extent that defendant challenges the sufficiency and/or weight of the evidence supporting the burglary conviction, defendant's oral and written statements that he entered the truck trailer where the business stored auto parts establishes that he entered a building (*see*, Penal Law § 140.00 [2]). There being no basis to disturb the judgment of conviction, it is affirmed.

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.