OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*597 The sole issue on this appeal is whether the crime scene showup identification of defendant was unduly suggestive when defendant, who was wearing tan shorts and no shirt, was asked to hold a pair of maroon shorts. The maroon shorts belonged to defendant, were found at the house where he was located, and matched the identifying victim’s prior description of the clothing worn by the perpetrator.
We have allowed showup identifications, in the absence of exigent circumstances, where the showup was reasonable under the circumstances — that is, when conducted in close geographic and temporal proximity to the crime — and the procedure used was not unduly suggestive (see People v Ortiz, 90 NY2d 533, 537 [1997]; People v Johnson, 81 NY2d 828, 831 [1993]). Whether a crime scene showup is unduly suggestive is a mixed question of law and fact. Thus, if record evidence supports the determination below, this Court’s review is at an end.
Here, record evidence supports the conclusion that the procedures used were reasonable under the circumstances. The showup took place at the scene of the crime, within an hour of the commission of the crime, and in the context of a continuous, ongoing investigation.* Record evidence also supports the conclusion that the showup identification was not unduly suggestive. The victim stated that defendant was the person whom she had seen leaving her house, and initially and independently identified him relying on his height, hair color, and build. In these circumstances, the presence of defendant’s maroon shorts, admittedly his own, did not, as a matter of law, negate the reasonableness of the police action.

 Unlike our dissenting Colleague, we do not draw a bright-line rule to determine the timeliness of a showup. The “limits of an appropriate time period between the alleged crime and a showup identification may vary from case to case” (Johnson, 81 NY2d at 831).