■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANJIT SINGH, Appellant. [792 NYS2d 241]—

Spain, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered May 5, 2003, upon a verdict convicting defendant of the crimes of burglary in the second degree, sexual abuse in the first degree and sexual abuse in the third degree.

After a jury trial, defendant was convicted of the crimes of burglary in the second degree and sexual abuse in the first and third degrees and sentenced to concurrent terms of imprisonment, the maximum of which is five years. The convictions stem from defendant's conduct in entering the home of the victim, a 14-year-old boy, without consent and sexually assaulting him. Defendant appeals, and we affirm.

At trial, the victim testified that he met defendant when he was collecting cans in his neighborhood and defendant offered to help him carry the bottles and cans home. When they reached the victim's apartment building, defendant began asking him for a hug and a kiss. Although the victim refused, defendant persisted, grabbing the victim and attempting to kiss him. After the victim repeatedly pushed him away, defendant left and the victim, using a key procured from a hiding spot outside the building, entered the apartment. A short time later, while he was in the bathroom, he heard the apartment door open and when he came out, he found defendant inside the apartment, apparently having opened the door with the key the victim had left in its outdoor hiding spot. Defendant again attempted to embrace and kiss the struggling victim and grabbed his testicles. The victim picked up and waived a kitchen knife, successfully convincing defendant to leave. Shortly thereafter, the victim left the apartment and reported the incident to a tree trimmer—working just outside—who helped him contact his mother and the police. Later, upon leaving the police station with his stepfather after giving a statement pertaining to the attack, the victim spotted defendant sitting outside a store, leading to defendant's immediate arrest. Another tree trimmer working outside the victim's apartment building in a bucket truck some 40 feet off the ground also identified defendant, testifying that he witnessed defendant with the victim and observed him appear to grab and kiss the victim.

Initially, we reject defendant's contention that, even viewed

in a light most favorable to the prosecution, this evidence is insufficient to enable a rational trier of fact to find the essential elements of each crime beyond a reasonable doubt (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Trimm*, 252 AD2d 673, 673-674 [1998], *lv denied* 92 NY2d 931 [1998]). The victim's testimony, corroborated by that of the tree trimmer in the bucket, supports a valid line of reasoning and permissible inferences which could lead a rational person to conclude that defendant attempted to kiss the victim without his consent outside the apartment, knowingly entered the victim's apartment with the intent to continue his advances (*see* Penal Law § 140.25 [2]) and then forcibly grabbed the victim's testicles once inside (*see* Penal Law §§ 130.55, 130.65 [1]), thus supporting the verdict (*see People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]; *People v Shook*, 294 AD2d 710, 712 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Liotta*, 274 AD2d 751, 753 [2000]). We reject defendant's argument that, as a matter of law, evidence of his intoxication at the time precludes the finding that he had the intent to commit a crime (*see People v Thomson*, 13 AD3d 805, 807 [2004]).

Defendant also contends that County Court erred in quashing a subpoena duces tecum by which he sought access to records of a local victim's support agency, the Advocacy Center (hereinafter Center), pertaining to the victim because no statutory privilege exists protecting the records. This argument is misplaced because no such privilege was ever asserted. Indeed, after reviewing the records in camera, County Court granted the Center's motion to quash the subpoena because it found that the records contained no statements by the victim or any other relevant information to the defense (*see People v Gissendanner*, 48 NY2d 543, 550 [1979]; *People v Kelly*, 288 AD2d 695, 696 [2001], *lv denied* 97 NY2d 756 [2002]; *see also Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 8 AD3d 935, 937 [2004]). It is well settled that "a subpoena duces tecum may not be used for the purpose of ascertaining the existence of evidence" (*People v Carpenter*, 240 AD2d 863, 864 [1997], *lv denied* 90 NY2d 902 [1997]), and our review of the records supplied by the Center reveals no statements by the victim or any other substantive information that could be construed as pertinent to the defense. Accordingly, we discern no error in County Court's decision to quash the subpoena (*see id.*).

Next, we reject defendant's claim that he was denied his right to the effective assistance of counsel because, after "reviewing the totality of the circumstances, evidence and law as of the

time of representation," we conclude that defendant received meaningful representation (*People v Demetsenare*, 14 AD3d 792, 793 [2005]; *see People v Baldi*, 54 NY2d 137, 146 [1981]). Counsel's concession that the victim was attacked, failure to pursue an intoxication defense and failure to request a charge of criminal trespass in the second degree as a lesser included offense to the crime of burglary in the second degree were each consistent with the defense theory of mistaken identification (*see People v Crandall*, 285 AD2d 742, 743 [2001], *lv denied* 97 NY2d 655 [2001]). Defendant's dissatisfaction amounts to a "simple disagreement with strategies and tactics," which does not demonstrate a lack of meaningful representation (*People v Rivera*, 71 NY2d 705, 708-709 [1988]; *see People v McLean*, 243 AD2d 756, 758 [1997], *lv denied* 91 NY2d 928 [1998]).

Defendant also alleges that defense counsel made various trial errors, such as failing to object to testimony offered by the victim's stepfather and the arresting officer which improperly bolstered the victim's identification testimony. Inasmuch as these issues are not preserved for our review, we address them only in the context of deciding whether defendant was afforded the effective assistance of counsel, while mindful that trial error, even where established, does not automatically indicate ineffectiveness (*see People v Rivera, supra* at 708; *People v Nickel*, 14 AD3d 869, 872 [2005]). After defense counsel cross-examined the arresting officer regarding his failure to consider other potential suspects, the officer testified that he did not do so because the victim was certain that defendant was the assailant. This testimony was properly offered to explain the officer's challenged actions, and thus did not constitute inadmissible hearsay. On the other hand, the victim's stepfather testified that he learned of the incident when the victim's mother telephoned him, relating what she had said on the phone. He also testified that when the victim spotted defendant after leaving the police station, the victim told him that he was one hundred percent sure that defendant was the person who assaulted him. Both of these instances would have been proper occasions for a hearsay objection. However, given the unequivocal testimony rendered by the victim, his ample opportunity to observe defendant, his spontaneous identification of defendant on the day of the incident and the corroborating identification testimony offered by the tree trimmer, we cannot conclude that defense counsel's failure to object to that testimony so negatively impacted defendant's case that it rose to the level of ineffective assistance of counsel.

Further, although counsel could have objected to the presen-

tence report as incomplete because it omitted defendant's social, educational and employment history and status (*see* CPL 390.30 [1]), much of this information was explored during defendant's testimony and defendant had every opportunity to advise County Court of any mitigating factors during sentencing (*see People v Harrington*, 3 AD3d 737, 739 [2004]; *People v Walworth*, 167 AD2d 622 [1990]). In conclusion, we find that counsel actively promoted a reasonable defense theory and that "[n]one of counsel's strategies or alleged errors were sufficient to constitute a deprivation of meaningful representation, either alone or when considered in the aggregate" (*People v Demetsenare, supra* at 795; *see People v Koufomichalis*, 2 AD3d 987, 989 [2003], *lv denied* 2 NY3d 742 [2004]).

We have considered defendant's remaining contentions, including his claim that his sentence was harsh and excessive, and find they are either not preserved for our review or devoid of merit.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.