■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. BURCH, JR., Appellant. [846 NYS2d 470]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 18, 2005, convicting defendant following a nonjury trial of the crimes of burglary in the second degree, attempted sexual abuse in the first degree and unlawful imprisonment in the second degree.

Following a nonjury trial, defendant was convicted of burglary in the second degree, attempted sexual abuse in the first degree and unlawful imprisonment in the second degree. The charges stem from a February 2004 incident in which the victim, a young woman, was entering her apartment when defendant pushed his way inside with her and locked the door. As the victim attempted to open the door, defendant, who was directly behind her, tugged her pants partially down and thrust against her while fumbling with the front of his own pants. The victim managed to open the door and flee her apartment seeking help. She then returned with a neighbor and, after determining that no one else was present, she locked herself inside alone. Shortly thereafter, someone attempted to enter her apartment. With a metal spatula in hand, the victim opened the door and defendant was again in her presence. She confronted him with screams and stomping and succeeded in chasing him away. She then called the police who apprehended defendant a short time later.

Defendant contends that there is insufficient evidence to support the charges and that, in any event, his conviction on all counts is against the weight of the evidence given his extreme intoxication at the time of the incident. To the extent that defendant challenges the legal sufficiency of the evidence presented, in the absence of a motion to dismiss, this issue has not been preserved for our review (*see People v White*, 41 AD3d 1036, 1037 [2007]; *People v Lozada*, 35 AD3d 969, 969-970 [2006], *lv denied* 8 NY3d 947 [2007]). In any event, were we to consider this issue, we would find that, viewed in a light most favorable to the People, the evidence was sufficient to lead a rational person to conclude that all the essential elements of each crime were proven beyond a reasonable doubt (*see People v Cabey*, 85 NY2d 417, 420 [1995]; *People v Singh*, 16 AD3d 974, 976 [2005], *lv denied* 5 NY3d 769 [2005]). Although there was testimony from various witnesses that described defendant as visibly intoxicated, it was for County Court, as the trier of fact, to determine whether the extent of defendant's intoxication negated the element of intent (*see People v Thomson*, 13 AD3d 805, 807 [2004], *lv denied* 4 NY3d 836 [2005]; *People v Becker*, 288 AD2d 766, 767 [2001], *lv denied* 97 NY2d 751 [2002]). Moreover, upon the exercise of our factual review power, we are satisfied that proper weight was given to the evidence of defendant's intoxication and that the verdict on each crime was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

We also find defendant's contention that he was denied his

constitutional right to the effective assistance of counsel to be without merit. Viewed in totality and at the time of the representation, none of the alleged errors deprived defendant of meaningful representation (*see People v Ross*, 43 AD3d 567, 570 [2007]; *People v Singh*, 16 AD3d at 978).

Mercure, Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.