THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE K. BROWN, Appellant. [847 NYS2d 729]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 8, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant brought a gun to a party and told the seven or eight people in attendance to put their money on the floor. When they did not comply, he fired two shots into the floor. After retrieving the money, defendant left the apartment and was captured by police almost immediately. A grand jury indicted him on charges of robbery in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the third degree (two counts). On the morning of trial, defendant pleaded guilty to one count of robbery in the

first degree in full satisfaction of the indictment, with the People agreeing to recommend a prison sentence of eight years. County Court, which clearly informed defendant that it would not be bound by the People's sentence recommendation, imposed a prison sentence of 12 years with five years of postrelease supervision. Defendant appeals.

County Court properly denied defendant's motion to suppress his statements to the police. At a *Huntley* hearing, the People have the initial burden of proving that the defendant's statements were voluntary beyond a reasonable doubt, but the defendant bears the ultimate burden of proving that the statements were obtained in violation of his or her right to counsel or in some other illegal manner (*see People v Rosa*, 65 NY2d 380, 386-387 [1985]; *People v Mathis*, 147 AD2d 851, 852 [1989], *lv denied* 73 NY2d 1018 [1989]). In New York, the right to counsel indelibly attaches when a criminal proceeding is commenced or when the defendant has retained or requested a lawyer on the matter (*see People v West*, 81 NY2d 370, 373-374 [1993]; *People v Lyons*, 4 AD3d 549, 551 [2004]). Here, the officer who obtained defendant's statements testified that defendant was read his *Miranda* rights, removed from a holding cell into a hallway, given food and drink, and was not threatened. As defendant never requested a lawyer and no accusatory instrument was filed, nor was any formal judicial action taken, defendant's right to counsel did not attach prior to him making his statements (*see People v West*, 81 NY2d at 373-374; *see also* CPL 1.20 [17]; *People v Samuels*, 49 NY2d 218, 221 [1980]; *People v Coleman*, 43 NY2d 222, 225 [1977]). Defendant thus failed to establish his entitlement to suppression of his statements by proving that they were obtained illegally or in violation of his rights.

County Court also did not err in denying defendant's motion to suppress the pretrial identification. While the prosecution bears the initial burden of establishing that the police conduct was reasonable and the pretrial identification procedure lacked any undue suggestiveness, the defendant bears the ultimate burden of proving that the procedure was unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Two witnesses from the party informed police that they could identify the individual who fired shots at the party, a person they called Jesse. One of the witnesses stated that he knew Jesse from school. Police transported defendant only 75 to 100 yards for the witnesses to view him shortly after the incident occurred, at which point both witnesses immediately identified him as the shooter. Although defendant

was in handcuffs, near a police car and accompanied by at least one officer, this showup identification was not unduly suggestive considering the seamless chain of events from defendant's crime to apprehension to the identification, and the "close geographic and temporal proximity to the crime" (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Duuvon*, 77 NY2d 541, 544 [1991]; *People v Starks*, 37 AD3d 863, 865 [2007]; *People v August*, 33 AD3d 1046, 1048-1049 [2006], *lv denied* 8 NY3d 878 [2007]).

While no one present at the party was actually injured, defendant's violent actions put several lives in danger. Thus, despite his young age, minimal criminal history and substance abuse problems, we will not disturb the sentence imposed by County Court (*see People v Bonelli*, 41 AD3d 972, 974 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Dedmon*, 10 AD3d 738, 739 [2004], *lv denied* 3 NY3d 756 [2004]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.