(March 12, 2009)

■ The People of the State of New York, Respondent, v Daniere Mathis, Appellant. [874 NYS2d 627]—

Mercure, J. Appeal from a judgment of the Supreme Court (Czajka, J.), rendered September 8, 2006 in Albany County, upon a verdict convicting defendant of the crime of robbery in the second degree.

In July 2006, defendant was charged in an indictment with

one count of robbery in the second degree arising out of an incident that occurred in the City of Albany. According to the victim, he had met defendant's girlfriend, Janette Jiminez, when she stayed at a hotel that the victim managed. Jiminez gave the victim her telephone number and told him she wanted to see him again some time. A day later, Jiminez and the victim made arrangements for him to meet her in the City of Troy, Rensselaer County, and drive back to Albany. When the victim arrived in Troy, he found defendant with Jiminez and, at her request, the victim agreed to give defendant a ride to a location in Albany. Defendant, who was sitting in the back seat, directed the victim to stop in a residential area and then grabbed the victim by the neck, placed what appeared to be a gun at the victim's head and demanded the victim's money.

After defendant threatened to shoot the victim because he had only $20, the victim drove to an automated teller machine at a convenience store to obtain additional funds. Defendant ordered the victim to give his card and personal identification number to Jiminez, who went into the store to withdraw money while defendant continued to hold the gun against the victim's ribs. Upon Jiminez's return, she handed $300 in cash to defendant, who became distracted while counting the money. Seizing the opportunity, the victim then ran into the store, shouting, "Call 9-1-1, I'm getting robbed." Defendant followed the victim into the store and told the clerk that the victim had kidnaped defendant's girlfriend. After the victim responded that they should let the police come and decide what happened, defendant first stared at the victim for a few seconds and then fled. When the police arrived at the store, the victim provided a description of defendant and Jiminez, and the two were taken into custody shortly thereafter as they attempted to leave a nearby college campus in a taxi. Police also recovered a fake gun at the store.

Subsequently, Jiminez pleaded guilty to the crime of attempted robbery in the second degree, with a maximum sentence of two years in prison in exchange for testifying against defendant. Following the denial by County Court (Breslin, J.) of defendant's motion to suppress identification evidence, the matter proceeded to a jury trial, at which defendant appeared pro se. The jury ultimately found defendant guilty as charged and Supreme Court sentenced him, as a second felony offender, to 15 years in prison, to be followed by five years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we reject defendant's argument that County Court erred in denying his motion to suppress the victim's showup identification. Showup identifications are permissible even "in

the absence of exigent circumstances, where the showup [is] reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used [is] not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Ortiz*, 90 NY2d 533, 537 [1997]). The procedure will be deemed unduly suggestive only if it takes place "under circumstances which [are] '. . . so unnecessarily suggestive as to create a substantial likelihood of misidentification' " (*People v Hughes*, 287 AD2d 872, 875 [2001], *lv denied* 97 NY2d 656 [2001] [citation omitted]; *accord People v Armstrong*, 11 AD3d 721, 722 [2004], *lv denied* 4 NY3d 760 [2005]). Here, the showup was conducted approximately one-half mile from the convenience store, 40 minutes after the police were contacted. Under these circumstances, we cannot say that the showup was unreasonable (*see People v Tillman*, 57 AD3d 1021, 1023 [2008]; *People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Jackson*, 2 AD3d 893, 895 [2003], *lv denied* 1 NY3d 629 [2004]). Moreover, the fact that defendant was in handcuffs, standing in close proximity to Jiminez and guarded by police did not, as defendant asserts, render the showup impermissibly suggestive (*see People v Brown*, 46 AD3d 1128, 1129-1130 [2007]; *People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]; *People v August*, 33 AD3d 1046, 1049 [2006], *lv denied* 8 NY3d 878 [2007]). Finally, an officer's statement to the victim—who immediately identified defendant and Jiminez upon seeing them—that the police had stopped suspects fitting the victim's description " 'merely conveyed what a witness of ordinary intelligence would have expected under the circumstances' " (*People v Gatling*, 38 AD3d at 240 [citation omitted]; *accord People v August*, 33 AD3d at 1049).

We further conclude that there is no merit to defendant's argument that the verdict was against the weight of the evidence. Inasmuch as a different finding would not have been unreasonable, we "must, like the trier of fact below, 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,' " considering whether the elements of the crime were proved beyond a reasonable doubt (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Romero*, 7 NY3d 633, 643-644 [2006]). Viewing the evidence in a neutral light and according deference to the jury's superior opportunity to assess the credibility of the People's witnesses, we conclude that the verdict was not against the weight of the evidence. Contrary to defendant's argument, the inconsistencies between the testi-

mony of Jiminez and the victim and their prior statements, as well as Jiminez's motives for testifying against defendant, do not render the testimony incredible as a matter of law, particularly given that these matters were highlighted for the jury (*see People v Scanlon*, 52 AD3d 1035, 1039 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Brown*, 46 AD3d 949, 951 [2007], *lv denied* 10 NY3d 808 [2008]; *People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *People v Moore*, 17 AD3d 786, 789 [2005], *lv denied* 5 NY3d 792 [2005]).

Defendant's remaining argument has been considered and found to be lacking in merit.

Cardona, P.J., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.