■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN HARRIS, Appellant. [883 NYS2d 621]—

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered April 23, 2007, upon a verdict convicting defendant of the crime of burglary in the second degree.

In April 2005, a couple returned to their home in the City of Schenectady, Schenectady County to find that it had been burglarized. While the victims were calling the police, defendant emerged from their house carrying a tote bag. The husband and a neighbor began to chase after defendant, who was apprehended by the police shortly thereafter and charged with burglary in the second degree. Prior to trial, County Court conducted a combined *Wade* and *Huntley* hearing, after which it determined, among other things, that the crime scene showup identification of defendant was admissible. Thereafter, County Court (Drago, J.) granted defense counsel's motion, pursuant to CPL article 730, for an order directing that defendant be examined to determine his capacity to stand trial. Based upon the opinion of two psychiatric examiners that defendant was not fit to proceed, the court adjudicated defendant to be an incapacitated person and ordered him to be committed to a psychiatric facility. Eventually, defendant was found fit to proceed and, following a jury trial, he was found guilty of burglary in the second degree. County Court (Hoye, J.) subsequently sentenced defendant to 10 years in prison, followed by five years of postrelease supervision. Defendant appeals.

Initially, we are not persuaded that County Court (Hoye, J.) erred in denying defendant's motion to suppress the victim's showup identification of him. Showup identifications are permissible where the showup was "conducted in close geographic and temporal proximity to the crime . . . and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Tillman*, 57 AD3d 1021, 1023 [2008]). Here, the identification of defendant was made at the scene of the crime, approximately 10 to 15 minutes after the initial call to

the police by the victims. Under these circumstances, it cannot be said that the showup was unreasonable. Contrary to defendant's contention, the fact that he arrived at the scene in a marked police vehicle and was presented to the victim in handcuffs did not, as a matter of law, render the procedure unduly suggestive (*see People v Mathis*, 60 AD3d 1144, 1146 [2009]; *People v Brown*, 46 AD3d 1128, 1130 [2007]).

Finally, defendant argues that after receiving conflicting reports from three psychiatric examiners regarding his capacity to stand trial, County Court (Drago, J.) erred by not holding a hearing prior to adjudicating him to be incapacitated (*see* CPL 730.30 [4]). However, defendant was thereafter properly determined to be fit to proceed to trial pursuant to CPL 730.30 (2) and the entry of that order renders defendant's instant challenge moot (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

Mercure, J.P., Peters, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.