■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK L. WICKS, Appellant. [900 NYS2d 485]—

McCarthy, J. Appeal from a judgment of the County Court of

---

* Defendant did not raise a double jeopardy objection in the brief and, thus, we decline to address its applicability here.

Warren County (Hall Jr., J.), rendered January 28, 2009, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and petit larceny.

The victim awoke in the early morning hours to find a strange man in her bed, with his hand inside her underwear and touching her vagina. After the man finally obeyed the victim's demands that he leave, she called her mother, who arrived and called the police. When a police officer arrived shortly thereafter, defendant was the only person on the street and matched the description of the intruder that the officer had been given. The officer placed defendant in handcuffs and put him in the back of his marked patrol car, then drove approximately 50 feet to the victim's home. The victim accompanied the officer to his car and identified defendant as the intruder. She later informed the police that $105 was missing from her purse.

After trial on a three-count indictment, the jury acquitted defendant of burglary in the second degree but convicted him of sexual abuse in the first degree and petit larceny. Following a hearing, County Court determined that defendant was a persistent felony offender and sentenced him to 22 years to life in prison for the crime of sexual abuse in the first degree, along with a concurrent one-year sentence for petit larceny. Defendant appeals.

Defendant's convictions are based upon legally sufficient evidence and are supported by the weight of the evidence. The only element of sexual abuse in the first degree that is at issue is whether the victim was "physically helpless" at the time that the sexual contact occurred (Penal Law § 130.65 [2]). Although the defense attempted to show that the victim awoke when defendant entered her bed, and was therefore awake when the sexual contact began, the victim clearly testified that when she awoke, the stranger's hand was already inside her underwear, touching her vagina and attempting to put a finger inside her. As she was asleep when the sexual contact began, she was incapable of consenting because she was physically helpless (see People v Bush, 57 AD3d 1119, 1119-1120 [2008], lv denied 12 NY3d 756 [2009]). Her testimony constituted legally sufficient evidence to support the charge, and the jury's finding was not against the weight of the evidence.

Regarding the petit larceny charge, the victim testified that she had approximately $105 in her purse when she went to bed. The only other people in the apartment between that time and when she noticed that the money was missing were her boyfriend, her mother and defendant. Her boyfriend and mother each testified that they did not take any money from the victim's

purse. This circumstantial evidence was legally sufficient to support the inference that defendant stole the victim's money while he was in her apartment. Although defendant's employer testified that he paid defendant approximately $168 in cash several hours before this criminal incident, the police recovered $203 in defendant's pockets. The jury could infer that defendant spent some of the money that he received from his employer, then stole money from the victim, leaving him with some of his pay and the stolen money in his pockets. While another verdict would not have been unreasonable, giving deference to the jury's interpretation of this evidence and considering the rational inferences to be drawn from the testimony, the conviction for petit larceny was not against the weight of the evidence (*see People v Brisson*, 68 AD3d 1544, 1546 [2009]).

County Court properly permitted the People to introduce evidence regarding the showup identification of defendant. Showup identifications are permissible where they are "reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Harris*, 64 AD3d 883, 883 [2009], *lv denied* 13 NY3d 836 [2009]). Here, the officer located defendant approximately 50 feet from the victim's home. The showup occurred within half an hour after the incident, and within minutes after the police were notified. Defendant's placement in a marked police car in handcuffs "did not, as a matter of law, render the procedure unduly suggestive" (*People v Harris*, 64 AD3d at 884; *see People v Mathis*, 60 AD3d 1144, 1146 [2009], *lv denied* 12 NY3d 927 [2009]). Although defendant was handcuffed, the hearing testimony indicated that the handcuffs were not visible through the car window and nothing about the process was unduly suggestive. Under the circumstances, the court correctly denied defendant's motion to suppress the victim's identification of defendant because the showup was entirely reasonable.

County Court did not err in partially granting the People's request to admit evidence of defendant's prior convictions. The People sought to admit six of defendant's prior convictions, but the court only permitted them to admit one, attempted burglary in the third degree. Defendant's contention that the court erred in permitting the People to admit this conviction on their case-in-chief is academic, as the People never did so. Defendant also contends that the court's ruling impacted his decision not to testify. The court did not err in permitting use of this one conviction to address defendant's intent in entering the apartment,

considering that defendant's intent was clearly raised as a defense and was the most centrally disputed issue at trial (*see People v Carter*, 50 AD3d 1318, 1321-1322 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]).

Defendant alleges that counsel was ineffective based on the failure to request an intoxication charge and a lesser included offense charge for the sexual abuse count. We disagree. The evidence was insufficient to support an intoxication charge. A police officer testified that he smelled an odor of alcohol on defendant's breath, but there was no evidence that defendant was intoxicated. While counsel argued to the jury that defendant mistakenly entered the wrong apartment because he was drunk, counsel cannot be faulted for failing to request a charge that the evidence would not necessarily support (*see People v Crandall*, 285 AD2d 742, 743 [2001], *lv denied* 97 NY2d 655 [2001]; *cf. People v Green*, 31 AD3d 1048, 1051 [2006], *lv denied* 7 NY3d 902 [2006]). Regarding defendant's other allegation of ineffectiveness, counsel could have strategically determined not to request a lesser included offense in hopes of securing a complete acquittal (*see People v Singh*, 16 AD3d 974, 978 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Crandall*, 285 AD2d at 743). He successfully pursued that strategy on the burglary charge, where he could have, but did not, request a charge for the lesser included offense of criminal trespass in the second degree (*see* Penal Law § 140.15). We will not second-guess counsel's tactical decisions if there was a possible legitimate basis for counsel's actions (*see People v Cherry*, 46 AD3d 1234, 1238 [2007], *lv denied* 10 NY3d 839 [2008]). Considering counsel's overall representation, including obtaining an acquittal on the most serious charge, defendant received meaningful assistance from counsel (*see People v Green*, 31 AD3d at 1051).

County Court did not abuse its discretion in sentencing defendant. Defendant admitted that he was convicted of four prior felonies and was incarcerated for more than one year on each, rendering him a persistent felony offender (*see* Penal Law § 70.10 [1]). The court then had to determine whether "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (Penal Law § 70.10 [2]).* Evidence at the hearing showed that since 1980 defendant had been arrested 69 times and convicted

---

* While defendant's counsel advised this Court by letter after oral argument that the US Court of Appeals for the Second Circuit recently found New York's persistent felony offender statute unconstitutional (*Besser v Walsh*, 601

over 40 times, including four felony convictions. His parole was revoked three times. The only years in which defendant did not have contact with police was when he was incarcerated. Rather than being an annoyance or mere thorn in the side of local police, as defense counsel characterized him, defendant's character and the nature and circumstances of his criminal conduct indicate that he warranted more serious punishment. Considering defendant's extensive criminal history, refusal to admit any wrongdoing in this case, lack of remorse and his statements blaming the victim, we cannot say that the court abused its discretion in sentencing defendant to 22 years to life in prison (*see People v Andre*, 232 AD2d 884, 885-886 [1996], *lv denied* 89 NY2d 918 [1996]; *see also People v Massey*, 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]). This lengthy period of incarceration does not constitute punishment for taking the matter to trial just because the sentence was much more severe than any sentence associated with the plea offers (*see People v Beauharnois*, 64 AD3d 996, 1001 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Massey*, 45 AD3d at 1048). In addition to finding defendant a persistent felony offender and fully exploring the details of his criminal history subsequent to the plea offers, the court heard the victim's testimony and observed defendant's demeanor in connection with the trial and hearing, which could have convinced the court that defendant deserved harsher punishment.

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.

F3d 163 [2010]), this Court is bound to follow decisions of the New York Court of Appeals, which have found the same statute constitutional (*see People v Quinones*, 12 NY3d 116, 125-131 [2009]; *People v Rivera*, 5 NY3d 61, 66-70 [2005]; *People v Rosen*, 96 NY2d 329, 334-335 [2001]).