Stein, J.
Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 14, 2010, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
After being identified by a witness as the perpetrator of an attempted burglary, defendant was arrested and charged in a two-count indictment with attempted burglary in the second degree and criminal mischief in the fourth degree. Defendant moved to suppress the statement he gave to police while in custody and to exclude the pretrial identification by the witness. Following a combined Wade/Huntley hearing, a Judicial Hearing Officer (Eidens, J.H.O.) determined that neither the statement provided to the police nor the pretrial identification was obtained improperly. County Court (Drago, J.) adopted those findings and denied the suppression motion. After a jury trial had commenced, defendant pleaded guilty to attempted burglary in the second degree, in full satisfaction of the indictment, and purportedly waived his right to appeal. County Court (Hoye, J.) thereafter sentenced defendant, as a second felony offender and in accord with the plea agreement, to a prison term of 4V2 years, plus five years of postrelease supervision. Defendant now appeals.
As a preliminary matter, we agree with defendant that his appeal waiver is invalid, as the record does not reflect that he was advised that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty or that he understood the rights he was waiving (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]; People v Bouton, 107 AD3d 1035, 1036 [2013], lv denied 21 NY3d 1072 [2013]; People v Gilbert, 106 AD3d 1133, 1133 [2013]). Accordingly, we cannot conclude that the waiver was knowingly, voluntarily and intelligently made.
Notwithstanding the invalidity of the appeal waiver, we affirm defendant’s judgment of conviction. Initially, after reviewing the record before us—including the testimony from the suppression hearing and defendant’s video-recorded interrogation—we conclude that County Court (Drago, J.) properly determined that defendant’s intoxication at the time he gave his statement to the police did not “ ‘rise[ ] to the level of mania or to the level where . . . defendant [was] unable to comprehend the meaning of his . . . words’ ” so as to render his *1181 statement involuntary (People v Baugh, 101 AD3d 1359, 1360 [2012], lv denied 21 NY3d 911 [2013], quoting People v Scott, 47 AD3d 1016, 1020 [2008], lv denied 10 NY3d 870 [2008]; see People v Schompert, 19 NY2d 300, 305 [1967], cert denied 389 US 874 [1967]; People v Dale, 115 AD3d 1002, 1003 [2014]). Police Detective Thomas Adach testified at the suppression hearing that defendant had an odor of alcohol and had apparently been drinking earlier in the day, and it is apparent from the video recording of the interrogation that defendant was intoxicated to some degree. However, the video recording supports Adach’s further testimony that defendant responded appropriately to the questions posed to him and did not appear to be manic or confused. For example, at one point during the interrogation, when defendant was asked to produce a DNA sample, he refused and responded in a manner that indicated his understanding of his constitutional rights and the consequences of waiving them.[1]
The record also establishes that Adach properly read defendant his Miranda rights at the beginning of the interrogation, that defendant communicated his understanding of those rights, and he willingly spoke to Adach without requesting a lawyer. Thus, when we consider the totality of the circumstances (see People v Flemming, 101 AD3d 1483, 1484 [2012], lv denied 21 NY3d 942 [2013]; People v Heesh, 94 AD3d 1159, 1160 [2012], lv denied 19 NY3d 961 [2012]) and accord due deference to County Court’s credibility determinations, we find that the People established beyond a reasonable doubt that defendant voluntarily waived his constitutional rights (see People v Dale, 115 AD3d at 1004; People v Kidd, 112 AD3d 994, 996-997 [2013]; People v Mattis, 108 AD3d 872, 874 [2013], lv denied 22 NY3d 957 [2013]; People v Baugh, 101 AD3d at 1360-1361) and that County Court properly refused to suppress his statement to the police.
Nor are we persuaded by defendant’s contention that his identification by a witness near the scene of the burglary was the product of an unreasonably suggestive showup procedure. The showup in question took place in front of the residence where the crime occurred within 45 minutes of when the police were contacted and, thus, was “ ‘conducted in close geographic and temporal proximity to the crime’ ” (People v Wicks, 73 AD3d 1233, 1235 [2010], lv denied 15 NY3d 857 [2010], quoting People v Brisco, 99 NY2d 596, 597 [2003]; see People v Howard, 22 *1182 NY3d 388, 402 [2013]; People v Jones, 111 AD3d 1148, 1149 [2013]; People v Toye, 107 AD3d 1149, 1150 [2013], lv denied 22 NY3d 1091 [2014]; People v Rivera, 101 AD3d 1478, 1479 [2012], lv denied 20 NY3d 1103 [2013]; People v Mathis, 60 AD3d 1144, 1145-1146 [2009], lv denied 12 NY3d 927 [2009]).
In addition, the showup was reasonable under the circumstances. The record reflects that none of the police officers involved made any gestures or representations to the witness or to defendant to influence the procedure.[2] The fact that defendant was brought to the scene in a police vehicle and exited therefrom immediately before being identified by the witness (see People v Duuvon, 77 NY2d 541, 545 [1991]; People v Starks, 37 AD3d 863, 865 [2007]) “did not render the procedure unduly suggestive or create a substantial likelihood of misidentification” (People v Robinson, 101 AD3d 1245, 1246 [2012], lv denied 20 NY3d 1103 [2013]; see People v Wicks, 73 AD3d at 1235; see also People v Harris, 64 AD3d 883, 884 [2009], lv denied 13 NY3d 836 [2009]; People v Mathis, 60 AD3d at 1146; People v Armstrong, 11 AD3d 721, 722 [2004], lv denied 4 NY3d 760 [2005]). Thus, County Court properly denied defendant’s motion to suppress such identification.
Defendant failed to preserve his claim that the People committed a Brady violation by failing to disclose the grand jury testimony and affidavit of the identifying witness prior to the Wade hearing, as he did not move to reopen the suppression hearing after receiving such testimony (see CPL 710.40 [4]; People v Graham, 283 AD2d 885, 888 [2001], lv denied 96 NY2d 940 [2001]; see also People v Brummel, 103 AD3d 805, 806 [2013], lv denied 21 NY3d 941 [2013]). In any event, such claim is without merit as the testimony in question was probative of the weight to be accorded to the witness’s identification, not to the suggestiveness of the showup procedure and, therefore, could not have impacted the decision to suppress the identification (see People v Clark, 88 NY2d 552, 555 [1996]; People v Flow, 99 AD3d 549, 550 [2012], lv denied 20 NY3d 1061 [2013]).
Defendant’s challenge to the severity of his sentence is also unavailing. County Court (Hoye, J.) acknowledged defendant’s mental health issues and history of substance abuse, and sentenced defendant in accord with the plea agreement to a significantly shorter term of incarceration than he could have received if convicted after trial. Considering defendant’s *1183 extensive criminal record, and the record as a whole, we perceive no abuse of discretion or extraordinary circumstance warranting a reduction of the sentence in the interest of justice (see People v Crump, 107 AD3d 1046, 1047 [2013], lv denied 21 NY3d 1014 [2013]; People v Briel, 36 AD3d 1081, 1082 [2007], lv denied 8 NY3d 919 [2007]; People v Hill, 11 AD3d 817, 818 [2004]).
Peters, EJ., Rose and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.

. While it is also apparent from the video recording that defendant became increasingly angry and frustrated during the interrogation—at times cursing and shouting, both in and out of the presence of the officers—defendant’s ability to communicate with the officers was not compromised.

. We also note that the victim was unable to identify defendant during a similar showup conducted previously. Significantly, the other witness was not within earshot during that showup and did not speak with the victim prior to identifying defendant.