*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 3, 2016                106872
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JERRY W. COLEMAN,
                        Appellant.
_____

Calendar Date:   September 14, 2016

Before:   McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M.
Sonsire of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered April 14, 2014, upon a verdict
convicting defendant of the crimes of burglary in the third
degree and petit larceny.

        Defendant was charged with burglary in the third degree and
petit larceny after he was arrested while in possession of copper
pipes that had been stolen from the basement of an unoccupied
home.  Following a combined Wade/Huntley hearing, County Court
denied his motion to suppress, among other things, testimony
regarding a pretrial identification.  A jury then convicted
defendant as charged, and he now appeals.

Defendant's contention that the verdict was not based upon legally sufficient evidence placing him inside the basement of the home was not preserved by his generalized motion to dismiss the charges at the close of the proof (see People v Ressy, 141 AD3d 839, 840 [2016]; People v Oliver, 135 AD3d 1188, 1190 [2016], lv denied 27 NY3d 1003 [2016]). However, inasmuch as he also contends that the verdict was against the weight of the evidence, "we necessarily consider whether all of the elements of the charged crimes were proven beyond a reasonable doubt" (People v Thorpe, 141 AD3d 927, 928 [2016]; see People v Farnsworth, 134 AD3d 1302, 1303 [2015], lv denied 27 NY3d 1068 [2016]).

At trial, the owner of the unoccupied home testified that she and her brother discovered an unknown male crouched down in the backyard of the home at night. She heard a "metal clanging" noise as the male began to flee on foot and observed that he was carrying long objects. She also noticed that both of the doors leading to the basement, which were closed the night before, were wide open. The brother called 911 and followed the male, who began to run. Although the brother lost sight of the male, defendant was soon taken into custody by the police a short distance away. The brother thereupon identified defendant as the male he had observed in the backyard. In addition, the police discovered that copper piping was, in fact, missing from the basement, and they were able to determine that the sections of piping found in defendant's possession matched the piping remaining there. Further, a screwdriver and gloves were discovered in defendant's pants pockets and his knuckles were scraped. After according deference to the jury's credibility determinations and considering the rational inferences to be drawn from the evidence, we are satisfied that the jury could have found the essential element of defendant's presence in the basement beyond a reasonable doubt (see People v Alsaifullah, 96 AD3d 1103, 1104 [2012], lv denied 19 NY3d 994 [2012]; People v Brisson, 68 AD3d 1544, 1546-1547 [2009], lv denied 14 NY3d 798 [2010]).

Defendant's contention that the showup identification was unduly suggestive is unpersuasive. Although defendant was identified while handcuffed and accompanied by a police officer standing next to a police vehicle, the identification occurred

approximately 500 yards away from the crime scene and within 20 minutes after defendant had been observed in the backyard. Thus, it "was not unduly suggestive considering the seamless chain of events from defendant's crime to apprehension to the identification, and the close geographic and temporal proximity to the crime" (People v Brown, 46 AD3d 1128, 1130 [2007] [internal quotation marks and citation omitted]; see People v Bellamy, 118 AD3d 1113, 1116 [2014], lv denied 25 NY3d 1159 [2015]).

Finally, trial counsel's failure to timely file his biannual attorney registration, which resulted in his temporary administrative suspension, did not deprive defendant of the effective assistance of counsel (see People v Kieser, 79 NY2d 936, 937-938 [1992]).

McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court