People v Wesley (2018 NY Slip Op 06362)





People v Wesley


2018 NY Slip Op 06362


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND WINSLOW, JJ.


919 KA 16-00002

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. WESLEY, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered December 17, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law
§ 140.25 [2]) and grand larceny in the fourth degree (§ 155.30 [1]). We reject defendant's contention that the showup procedure was unduly suggestive because he was standing next to a vehicle matching the description given by the witness (see People v Williams, 118 AD3d 1478, 1479 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]; see generally People v Brisco, 99 NY2d 596, 597 [2003]). To the extent that defendant's contention that he was denied effective assistance of counsel survives his plea (cf. People v Abdulla, 98 AD3d 1253, 1254 [4th Dept 2012], lv denied 20 NY3d 985 [2012]), we conclude that it is without merit (see People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]; see generally People v Ford, 86 NY2d 397, 404 [1995]). Defendant's challenge to the factual sufficiency of the plea allocution is not preserved for our review because he failed to move to withdraw the plea or to vacate the judgment of conviction (see People v Pryce, 148 AD3d 1625, 1625-1626 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Saddler, 144 AD3d 1520, 1520-1521 [4th Dept 2016], lv denied 28 NY3d 1188 [2017]). This case does not fall within the rare exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]). Finally, the
sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court