People v Mitchell (2018 NY Slip Op 07792)





People v Mitchell


2018 NY Slip Op 07792


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108851

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RICKY F. MITCHELL, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (Christopher M. Stanyon of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered August 9, 2016, convicting defendant upon his plea of guilty of the crime of strangulation in the second degree.
After he choked his teenage son in front of various family members, defendant was indicted and charged with strangulation in the second degree, assault in the third degree, criminal obstruction of breathing or blood circulation and endangering the welfare of a child (three counts). In March 2016, defendant agreed to plead guilty to strangulation in the second degree — in full satisfaction of the indictment and a possible violation of conditional release — in exchange for a prison term of three years followed by three years of postrelease supervision. The plea agreement also included a waiver of the right to appeal. Defendant pleaded guilty as contemplated, and the matter was adjourned for sentencing. Following additional adjournments and the denial of defendant's motion to withdraw his guilty plea, County Court imposed the agreed-upon prison term. Defendant now appeals.
Initially, we agree with defendant that his waiver of the right to appeal was invalid. County Court did not explain the separate and distinct nature of the waiver (see People v White, 163 AD3d 1358, 1358 [2018], lvs denied ___ NY3d ___, ___ [Sept. 20, 2018]; People v McClain, 161 AD3d 1457, 1457-1458 [2018]; People v Whitted, 117 AD3d 1179, 1180 [2014], lv denied 23 NY3d 1026 [2014]), and its brief inquiry, wherein defendant was asked whether he understood that such waiver would mark "the end of the [c]ourt proceedings," thus precluding his ability to "take it up to a higher court to complain about the way anything was handled," "fell short of ensuring that defendant appreciated the right that he was relinquishing and understood the consequences thereof" (People v Mallard, 163 AD3d 1350, 1351 [2018]; see People v Brown, 159 AD3d 1149, 1149 [2018], lv denied 32 NY3d 935 [2018]; People v Thompson, 157 AD3d 1141, 1141 [2018]; People v Whitted, 117 AD3d at 1180). Additionally, although defendant [*2]executed a written waiver after reviewing the document with counsel, County Court "failed to ascertain whether defendant had read the waiver, understood its contents and/or had discussed the ramifications thereof with counsel" (People v Mallard, 163 AD3d at 1351; see People v White, 163 AD3d at 1358; People v Brewster, 161 AD3d 1309, 1310 [2018]; People v Ortiz, 153 AD3d 1049, 1049 [2017]). As the waiver is invalid, defendant's challenge to the severity of his sentence is not foreclosed (see People v Suddard, 164 AD3d 950, 951 [2018]; People v Brown, 159 AD3d at 1149). That said, a review of the record reveals no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence (see generally People v Callender, 164 AD3d 962, 963 [2018]; People v Ortiz, 153 AD3d at 1049).
Defendant's challenge to the voluntariness of his plea — although preserved for our review by defendant's postallocution motion — is lacking in merit. Although County Court's plea colloquy could have been more expansive, the record reflects that defendant was advised of his Boykin rights, and the mere fact that County Court "'failed to specifically enumerate all the rights to which [defendant] was entitled and to elicit from him a list of detailed waivers before accepting the guilty plea'" does not render defendant's plea invalid (People v Sullivan, 153 AD3d 1519, 1521 [2017] [ellipsis omitted], lv denied 30 NY3d 1064 [2017], quoting People v Tyrell, 22 NY3d 359, 365 [2013]). Similarly, the fact that County Court apprised defendant of his maximum sentencing exposure did not amount to coercion (see People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v Taylor, 82 AD3d 1291, 1292 [2011], lv denied 16 NY3d 900 [2011]), and defendant's assertion that the court pressured him to accept the plea offer is belied by both County Court's statements on this point and the length of time afforded defendant to consider the People's multiple offers, as well as defendant's assurances that he had been given sufficient time to discuss the plea bargain with counsel (cf. People v Smith, 155 AD3d 1244, 1245 [2017]).
Finally, although defendant indeed expressed some initial confusion as to the elements of strangulation in the second degree and a corresponding reluctance to admit to certain conduct, County Court clarified the elements of the charged crime and explained precisely what would be required of defendant should he elect to plead guilty; after conferring with counsel, defendant decided to go forward and unequivocally pleaded guilty to strangulation in the second degree. Under these circumstances, we are satisfied that defendant's plea was knowing, intelligent and voluntary (see People v Pixley, 150 AD3d 1555, 1556 [2017], lv denied 30 NY3d 952 [2017]; cf. People v Howe, 164 AD3d 951, 952 [2018]). Defendant's remaining contentions, including any challenge to the denial of his motion to withdraw his plea, have been examined and found to be lacking in merit. Accordingly, the judgment of conviction is affirmed.
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.