■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY FLORENCIO, Appellant. [837 NYS2d 112]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered August 11, 2004, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police had reasonable suspicion upon which to detain defendant briefly for purposes of identification. The clothing description of defendant and the codefendant was sufficiently specific, given the absence of anyone else on the street in this late-night incident, and the unlikelihood that another pair of men with the same combination of shirt colors as contained in the description would be present around the corner from the crime only moments after it took place (*see e.g. People v Cabrera*, 11 AD3d 238 [2004], *lv denied* 3 NY3d 755 [2004]). In any event, the record also supports the court's alternative finding that, at the time the victim arrived and made an identification, the encounter had not yet gone beyond the level of a common-law inquiry.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

Defendant's repugnant verdict claim rests entirely on a one-word error in the transcript. As directed by this Court, the trial court properly conducted a resettlement proceeding, which established that, while the court reporter correctly transcribed her notes, those notes did not accurately reflect the court's charge. We reject defendant's arguments concerning the resettlement of the record, some of which he unsuccessfully raised in motion practice before this Court.

For the reasons stated in our decision on the codefendant's appeal (*People v Castillo*, 34 AD3d 221 [2006], *lv denied* 8 NY3d 879 [2007]), we reject defendant's arguments concerning evi-

dence of his national origin. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and without merit. Concur—Tom, J.P., Mazzarelli, Andrias, Williams and McGuire, JJ. [*See* 4 Misc 3d 1010(A), 2004 NY Slip Op 50807(U).]