■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANDERSON POLANCO BRUJAN, Appellant. [960 NYS2d 421]—

Judgment, Supreme Court, Bronx County (Colleen Duffy, J.), rendered May 14, 2010, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of five years, with four years' postrelease supervision, unanimously affirmed.

The court providently exercised its discretion in reopening the suppression hearing, after both sides had rested but before any decision on the merits had been made, to allow the People's witness to provide additional testimony bearing on the legality of the police conduct (*see People v Cestalano*, 40 AD3d 238 [1st Dept 2007], *lv denied* 9 NY3d 921 [2007]). A request to present additional evidence in this type of situation should be addressed to the court's discretionary power to alter the order of proof within a proceeding (*see People v Whipple*, 97 NY2d 1, 6 [2001]), rather than being governed by the restrictions on rehearings set forth in *People v Havelka* (45 NY2d 636 [1978]). In the circumstances presented, we do not find that there was a significant risk of tailoring, and, as in *People v Alvarez* (51 AD3d 167, 179 [2008], *lv denied* 11 NY3d 785 [2008]), "we believe that the hearing court was more than up to the task of evaluating the risk of manufactured testimony."

The court correctly denied defendant's suppression motion. The police had, at least, reasonable suspicion warranting an investigatory detention. In the early morning hours in a desolate area, defendant and a codefendant were wearing clothing that, with the exception of a minor discrepancy as to the color of a garment, matched a description of two men who had just committed a robbery. Given the extremely close temporal and spatial proximity to the reported crime, and the absence of anyone else in the vicinity other than a person who did not fit the description, there was a strong likelihood that these men were the robbers (*see People v William*, 81 AD3d 453 [1st Dept

2011], *affd* 19 NY3d 891 [2012]; *People v Florencio*, 41 AD3d 113 [1st Dept 2007], *lv denied* 9 NY3d 922 [2007]; *see also People v Johnson*, 63 AD3d 518 [2009], *lv denied* 13 NY3d 797 [2009]). Moreover, when the men saw the police, they immediately fled, which heightened the level of suspicion (*see People v Woods*, 98 NY2d 627, 628 [2002]).

The police conducted a showup at the scene of the robbery in a manner that was permissible and not unduly suggestive, given the fast-paced chain of events (*see People v Duuvon*, 77 NY2d 541 [1991]). Even assuming that defendant was handcuffed and guarded by multiple officers during the showup, these were appropriate security measures, and the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup (*see People v Gatling*, 38 AD3d 239, 240 [2007], *lv denied* 9 NY3d 865 [2007]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The prosecution's case included the victim's prompt identification and defendant's detailed written confession.

We perceive no reason for reducing the postrelease supervision portion of the sentence. Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.