Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about April 12, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act that, if committed by an adult, would constitute the crime of reckless endangerment in the second degree, and placed him with the Office of Children and Family Services for a period of 12 months, unanimously affirmed, without costs.
The court properly denied appellant’s motion to suppress a showup identification. The showup, conducted in very close spatial and temporal proximity to the crime, was justified by the interest of making a prompt determination of whether the witness could identify the suspect (see People v Love, 57 NY2d 1023, 1024 [1982]), and the circumstances were not unduly suggestive (see People v Duuvon, 77 NY2d 541, 544 [1991]). “[T]he overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup” (People v Brujan, 104 AD3d 481, 482 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]).
The court’s finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The evidence supports the conclusion that appellant forced the victim into heavy traffic on the Grand Concourse, repeatedly placing the *544 victim in danger as well as creating the risk of automobile accidents. Concur — Tom, J.E, Acosta, Freedman and Kapnick, JJ.