■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESHAWN ALMODOVAR, Appellant. [37 NYS3d 880]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered September 6, 2011, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 20 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a youthful offender determination, and otherwise affirmed.

Defendant's ineffective assistance of counsel argument involves matters not reflected in, or fully explained by, the record, and thus requires a CPL 440.10 motion. Although defendant raised his present claim in such a motion, the motion was denied and a justice of this Court denied leave to appeal. Accordingly, our review is limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]), and to the extent that record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not established that counsel's decision to rest on the record at the suppression hearing was ineffective, since there is no indication that any suppression argument would have had any chance of success. In particular, the hearing evidence demonstrated that the interrogating officer gave defendant *Miranda* warnings before any questioning, and that the officer did not make any remarks of the type condemned in *People v Dunbar* (24 NY3d 304 [2014], *cert denied* 575 US —, 135 S Ct 2052 [2015]), or that otherwise undermined the effect of the warnings.

Defendant did not preserve his challenge to his plea allocution, which does not come within the narrow exception to the preservation requirement (*see People v Williams*, 27 NY3d 212, 219 [2016]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]), and we decline to review it in the interest of justice. As an alternative holding, we find that the plea was knowing, intelligent and voluntary. Nothing in the plea allocution cast doubt on defendant's guilt or raised a potentially viable defense regarding the justifiable use of deadly force.

However, as the People concede, defendant is entitled to resentencing pursuant to *People v Rudolph* (21 NY3d 497 [2013]) for a youthful offender determination. Concur—Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.