■ The People of the State of New York, Respondent, v Jose Perez, Appellant. [67 NYS3d 173]—

Judgment, Supreme Court, New York County (Jill Konviser, J. at hearing; Arlene D. Goldberg, J. at jury trial and sentencing), rendered October 10, 2013, convicting defendant of auto stripping in the second degree (two counts), criminal possession of stolen property in the fifth degree (two counts) and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

The hearing court properly determined that the police had probable cause for defendant's arrest. In the early morning hours, the police received a radioed description of a man breaking into a car. This description was sufficiently specific, in context, because the close spatial and temporal proximity between the crime and the police encounter with defendant made it "highly unlikely that the suspect had departed and that . . . an innocent person of identical appearance coincidentally arrived on the scene" (*People v Johnson*, 63 AD3d 518, 518 [2009], *lv denied* 13 NY3d 797 [2009]). In addition to meeting the description, defendant was on a bridge that was frequently used as an escape route by persons who committed crimes in that deserted area, he appeared to be "very nervous" and he was clutching a bag to his chest that had wires suspiciously protruding from it.

Defendant did not preserve his claim that the search of his bag was not justified by exigent circumstances, and the hearing court did not expressly decide, in response to protest, the particular issue now raised on appeal. The issue at the suppression hearing was whether the officers had probable cause to arrest defendant, notwithstanding the hearing court's reference to a search incident to a lawful arrest (*see People v Miranda*, 27 NY3d 931, 932-933 [2016]; *see People v Turriago*, 90 NY2d 77, 83 [1997]). We decline to review this claim in the interest of justice.

The hearing court also properly denied defendant's motion to suppress the ensuing showup identification. The circumstances of the showup, when viewed in totality, were not unduly suggestive (*see generally People v Duuvon*, 77 NY2d 541, 545 [1991]; *see also People v Brisco*, 99 NY2d 596, 597 [2003] [showup reasonable under the circumstances and not unduly suggestive where it "took place at the scene of the crime, within

an hour of the commission of the crime, and in the context of a continuous, ongoing investigation"]; *People v Brujan*, 104 AD3d 481, 482 [1st Dept 2013], *lv denied* 21 NY3d 1014 [2013] [showup not unduly suggestive because "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup"]). The additional lighting on the scene was required to aid the witness in viewing the suspect because the ambient lighting on the bridge was poor, and also to assure the officers' safety, due to traffic on the bridge.

To the extent that the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not established that counsel's decision to rest on the record at the suppression hearing was unreasonable, or resulted in any prejudice (*see People v Almodovar*, 142 AD3d 916 [1st Dept 2016], *lv denied* 28 NY3d 1070 [2016]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.