People v Moise (2018 NY Slip Op 06977)





People v Moise


2018 NY Slip Op 06977


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


1386/15 7374A 1020/16 7374

[*1] The People of the State of New York, Respondent,
v
Jean Moise, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgments, Supreme Court, New York County (Anthony J. Ferrara, J. at suppression hearing; Maxwell Wiley, J. at trial, plea and sentencing), rendered June 9, 2016, convicting defendant, after a jury trial, of robbery in the second degree, and, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
The court properly denied defendant's suppression motion. Although the description of defendant was general, and he had been described as riding a bicycle, but was no longer doing so when the police observed him, the police had reasonable suspicion
for the stop based on a combination of factors (see e.g. People v Cook, 161 AD3d 708 [1st Dept 2018]; People v Williams, 146 AD3d 410, 411 [1st Dept 2017], lv denied 29 NY3d 954 [2017]; People v Brujan, 104 AD3d 481 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]). The police encountered defendant in very close spatial and temporal proximity to the crime, and he behaved suspiciously by first running in apparent flight, then suddenly entering and standing idly in a store, and then walking out and taking off a shirt that figured in the description of the suspect. Even if the officer's taking of the shirt from defendant's hand amounted to an improper seizure, this would be harmless, because the stop was legal and the victim independently identified defendant during the showup.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. The physical injury element of the robbery conviction was established by evidence that amply supported the conclusion that the victim's injury resulted in substantial pain (see generally People v Chiddick, 8 NY3d 445, 447—448 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]).
Although otherwise admissible, a reference to a purported hospital diagnosis of a concussion, contained in the record of a pain and wellness center that treated the victim, should have been redacted on the ground that the treating hospital had made no such diagnosis. Nevertheless, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). The People made no claim that the element of physical injury was supported in any way by proof of a concussion, instead relying on overwhelming proof of substantial pain. There was no significant probability that the verdict would have been different had the redaction been made.
In light of the foregoing, there is no basis for reversal of the plea conviction.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK