People v Diendere (2018 NY Slip Op 08246)





People v Diendere


2018 NY Slip Op 08246


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7779 928/16

[*1]The People of the State of New York, Respondent,
v
Aime Diendere, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Scott Harriman Henney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered November 29, 2016, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The victim's testimony was corroborated by a chain of evidence, provided by an eyewitness and the police, that linked defendant to the crime. The jury's mixed verdict does not warrant a different conclusion, because although in performing our weight of the evidence review, we may consider an alleged factual inconsistency in a verdict (see People v Rayam, 94 NY2d 557, 563 n [2000]), we nevertheless find it "imprudent to speculate concerning the factual determinations that underlay the verdict" (People v Horne, 97 NY2d 404, 413 [2002]; see also People v Hemmings, 2 NY3d 1, 5 n [2004]).
By effectively conceding the issue at the suppression hearing, and failing to subsequently raise it in any way, defendant failed to preserve his challenge to the victim's showup identification, and we find that the court's suppression ruling was not "in response to protest" (see People v Miranda, 27 NY3d 931, 932 [2016]). We decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits. The victim's showup identification of defendant was justified by spatial and temporal proximity, and it was not conducted under unduly suggestive circumstances (see e.g. People v Brujan, 104 AD3d 481, 482 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]).
The court providently exercised its discretion in receiving photographs depicting the eyewitness's view of the assault. While, as the jury was well aware, the photos were taken under [*2]different lighting conditions from those existing at the time of the assault, those differences went to weight rather than admissibility (see People v Nevado, 22 AD3d 383 [1st Dept 2005], lv denied 6 NY3d 757 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK