People v Doctor (2019 NY Slip Op 03279)





People v Doctor


2019 NY Slip Op 03279


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


3661/12 9124 9123

[*1]The People of the State of New York, Respondent,
v
Adam Doctor, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Robin V. Richardson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kelly L. Smith of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 8, 2013, convicting defendant, after a jury trial, of two counts of persistent sexual abuse, and sentencing him, as a predicate sex offender previously convicted of a violent felony, to concurrent terms of four years, unanimously affirmed. Order, same court and Justice, entered on or about July 21, 2016, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
As to the appeal from the judgment of conviction, we find that the court properly denied defendant's motion to suppress identification testimony. An officer witnessed the crime, immediately arrested defendant, and conducted a showup only moments later, at nearly the same location. The showup was conducted in a manner that was not unduly suggestive, given the fast-paced chain of events (see People v Duuvon, 77 NY2d 541, 544-545 [1991]), and "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (People v Brujan, 104 AD3d 481, 482 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]). In any event, even if the identification procedure were suggestive, any error was harmless because the arresting officer witnessed the incident. We perceive no basis for reducing the sentence.
As to defendant's civil appeal from his sex offender adjudication, we conclude that the court properly assessed 10 points under the risk factor for unsatisfactory conduct while confined. In any event, even if those points were deducted, defendant's prior felony sex crime conviction automatically resulted in an override to level three. The court also providently exercised its discretion in declining to grant a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]) in light of, among other things, defendant's extensive criminal history, which included three prior sex offenses,
pursuant to one of which defendant had already been designated a level three sex offender.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK