People v Joyner (2019 NY Slip Op 07725)





People v Joyner


2019 NY Slip Op 07725


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10211 5678/14

[*1] The People of the State of New York, Respondent,
v
Anthony Joyner, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J. at hearing; Robert M. Stolz, J. at jury trial and sentencing), rendered January 25, 2017, convicting defendant of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
The hearing court properly determined that the police had probable cause for defendant's arrest. Within minutes of the robbery of a store, the police received a radioed description of the robber. The description was sufficiently specific and accurate, in context, because of the close spatial and temporal proximity between the crime and the police encounter with defendant at a subway station two blocks from the store, where he was reported to be heading (see People v Perez, 156 AD3d 507 [1st Dept 2017], lv denied 30 NY3d 1118 [2018]; People v Johnson, 63 AD3d 518 [1st Dept 2009], lv denied 13 NY3d 797 [2009]). In addition, a woman pointed out defendant to the officer. While the woman said nothing at the time, and the police did not yet know that she had followed defendant after the robbery, "pointing is readily interpreted as a nonverbal accusation that has often been recognized as a significant factor justifying police action" (People v Rosa, 67 AD3d 440 [1st Dept 2009], lv denied 14 NY3d 773 [2010]). The record also supports the hearing court's finding that the police action could also be justified as a stop and frisk based on, at least, reasonable suspicion.
The hearing court also properly declined to suppress the showup identification that took place immediately after the arrest, because "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (People v Brujan, 104 AD3d 481, 482 [1st Dept 2013], lv denied 21 NY3d 1014 [2013]). The security measures employed by the police during the showup were not excessive under the circumstances (see id.).
The court providently exercised its discretion when it denied defendant's mistrial motion, which was the only remedy requested, after the jury sent a note indicating a possible deadlock on the second-degree robbery charge. The jurors had been deliberating for a relatively short time and the note was the first indication that they were having difficulty resolving their differing opinions. Declaration of a mistrial in such a situation may be permissible in the court's discretion, but it is not required (see Matter of Plummer v Rothwax, 63 NY2d 243, 250-251 [1984]). Defendant did not preserve his claim that the court should have questioned the jurors on the extent of the deadlock, and we decline to review it in the interest of justice. As an alternative [*2]holding, we find that the court's simple request to the jury that it continue deliberations was sufficient at that stage of the proceedings (see People v Pagan, 45 NY2d 725, 727 [1978]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK