People v Rodney (2021 NY Slip Op 02609)





People v Rodney


2021 NY Slip Op 02609


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Ind No. 1370/15 1370/15 Appeal No. 13711 Case No. 2019-627 

[*1]The People of the State of New York, Respondent,
v
David Rodney, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Gabe Newland of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered May 19, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth and seventh degrees and aggravated unlicensed operation of a motor vehicle in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of 15 years, unanimously affirmed.
Defendant did not preserve any of his challenges to the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court's charge on reasonable doubt was not constitutionally deficient. Although the Criminal Jury Instructions contain the "preferred phrasing," the court's charge, viewed as a whole, conveyed the appropriate principles and did not dilute the standard of proof required (see People v Cubino, 88 NY2d 998, 1000 [1996]). The other alleged error in the charge is a missing word, the absence of which is clearly a transcription error (see e.g. People v Valdes, 283 AD2d 187 [1st Dept 2001], lv denied 97 NY2d 688 [2001]).
Defendant asserts that his counsel rendered ineffective assistance regarding suppression issues, as well as matters concerning the court's charge and the sentencing proceedings. These claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's evaluation of certain issues (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Although defendant made a CPL 440.10 motion, that motion did not raise any of his present ineffectiveness claims. Accordingly, the merits of these claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. In particular, defendant has not demonstrated a reasonable possibility that different actions by counsel could have led to suppression of evidence (see People v Almodovar, 142 AD3d 916 [1st Dept 2016], lv denied 28 NY3d 1070 [2016], or that any of counsel's other alleged failings were prejudicial.
The court properly adjudicated defendant a second felony drug offender previously convicted of a violent felony, based on a 1980 robbery conviction to which defendant had no constitutional challenge. The 10-year limitation for prior felonies was tolled by his incarceration on a Kings County conviction. Although in 2007 defendant [*2]made a CPL 440.10 motion to vacate the Kings County conviction, that motion was apparently never resolved, and the tolling period of incarceration has never been either vacated or "deemed unlawful" (People v Smalls, 26 NY3d 253, 261 [2015]) by any court. Under the provisions of CPL article 400 that relate to predicate felony proceedings, a sentencing court may be called upon to rule on the constitutionality of a prior conviction offered by the People as a predicate felony. However, there is nothing in the applicable statute or case law to support defendant's suggestion that the sentencing court is also the proper forum for challenges to the validity of an undisturbed tolling period of incarceration.
We perceive no basis for reducing the sentence.
We have considered defendant's pro se claim, and find it to be unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021