People v Reeves (2022 NY Slip Op 04979)

People v Reeves

2022 NY Slip Op 04979

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2016-11593
 (Ind. No. 2775/14)

[*1]The People of the State of New York, respondent,
v
Randy Reeves, appellant.

Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Jill A. Gross-Marks, Sharon Y. Brodt, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered September 29, 2016, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was charged with robbery in the first degree (Penal Law § 160.15[4]) in connection with an incident that occurred on October 5, 2014. At trial, two witnesses identified the defendant as the assailant. The defendant presented two alibi witnesses. After trial, a jury convicted him of robbery in the first degree.
The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the crime is unpreserved for appellate review (see CPL 470.05[2]); People v Hawkins, 11 NY3d 484). In any event, the defendant's contention is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt. Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the jury's finding that the defendant was the perpetrator of the crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, despite the legal and factual sufficiency of the evidence, the defendant was deprived of his right to a fair trial. "The decision to grant or deny an adjournment request is committed to the trial court's sound discretion" (People v Cooper, 192 AD3d 823, 823). However, "[w]here the protection of fundamental rights is involved, the trial court's discretion is 'more narrowly construed'" (People v Nelson, 189 AD3d 1080, 1081, quoting People v Spears, 64 NY2d 698, 700; see People v Foy, 32 NY2d 473, 476-477). "[W]hen the witness is identified to the court, and is to be found within the jurisdiction, a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court [*2]or others" (People v Foy, 32 NY2d at 478). Under the circumstances here, the Supreme Court should have granted a one-day continuance for the defendant's daughter to travel to New York from out of state (see id.). The failure to grant this continuance cannot be considered harmless error, as there was conflicting testimony as to the defendant's whereabouts at the time of the robbery (see People v Locicero, 87 AD3d 1163, 1164).
Although the defendant's contention that the Supreme Court improvidently exercised its discretion in granting the prosecution's request for a missing witness charge is unpreserved for appellate review (see People v Brown, 99 NY2d 488), this issue is inextricably linked with the denial of the defendant's request for a continuance, and this Court will consider the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). "The failure to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge, '[r]ather, it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him [or her], and that the witness is available to such party'" (People v Davydov, 144 AD3d 1170, 1172-1173, quoting People v Gonzalez, 68 NY2d 424, 427). "The party opposing the charge, in order to defeat the proponent's initial showing, must either account for the witness's absence or demonstrate that the charge would not be appropriate" (People v Arcila, 177 AD3d 585, 587). "If the party opposing the charge succeeds in rebutting the proponent's prima facie showing, the proponent 'retains the ultimate burden to show that the charge would be appropriate'" (id. at 587, quoting People v Smith, 33 NY3d 454, 459).
While the evidence shows that the defendant's daughter was knowledgeable about a material issue in the case, namely, the defendant's alibi, there is no evidence that her testimony would have been noncumulative of the testimony of the other two alibi witnesses. Additionally, the defendant was able to account for the daughter's absence, and was denied the chance to present her testimony. Accordingly, the subsequent missing witness charge was unduly prejudicial, as it is "unfair as well as illogical to allow a jury to draw an adverse inference from the failure of the party to call a witness when the party is unable to do so" (People v Gonzalez, 68 NY2d at 428). Under these particular circumstances, the Supreme Court's determinations to deny the defendant's request for a continuance and to grant the prosecution's request for a missing witness charge, when viewed together, deprived the defendant of his right to a fair trial.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, need not be reached in light of our determination.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court