People v Garcia (2022 NY Slip Op 06496)

People v Garcia

2022 NY Slip Op 06496

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2017-06022
 (Ind. No. 1151/15)

[*1]The People of the State of New York, respondent,
v
Kenneth Garcia, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered May 16, 2017, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah Stevens Modica, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant was charged with various offenses stemming from his participation, with two others, in an assault that took place on May 11, 2015. Following a nonjury trial, the defendant was convicted of assault in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence from a showup identification procedure. Showup procedures are disfavored, since they are suggestive by their very nature. However, they are not presumptively infirm and are permissible where exigent circumstances exist requiring immediate identification (see People v Cruz, 129 AD3d 119). Here, exigent circumstances existed because the defendant and his codefendants were not under arrest yet, at least one of the perpetrators had a weapon, and the police needed to know whether they had apprehended the right people in connection with the assault or whether they should keep looking for other suspects (see People v Howard, 22 NY3d 388, 402; People v Mayes, 200 AD3d 718; cf. People v Cruz, 129 AD3d at 124; People v Taylor, 160 AD2d 966).
Even in the absence of exigent circumstances, a showup procedure is permissible if it is conducted in close geographic and temporal proximity to the crimes and the procedure used was not unduly suggestive (see People v Brisco, 99 NY2d 596; People v Mayes, 200 AD3d 718; People v Forrest, 186 AD3d 1395). Prompt showup procedures which are conducted in close geographic and temporal proximity to the crimes are not presumptively infirm and have generally been allowed (see People v Ortiz, 90 NY2d 533, 537; People v Duuvon, 77 NY2d 541, 543; People v Gil, 21 [*2]AD3d 1120). Here, the showup procedure was conducted in close geographic and temporal proximity to the crimes, and the procedure used was not unduly suggestive. The showup procedure was part of an unbroken chain of events and an ongoing investigation (see People v Brisco, 99 NY2d at 597; People v Duuvon, 77 NY2d at 544-545; People v Cruz, 129 AD3d at 124). Although the defendant was standing with his codefendants and they were flanked by police officers during the showup procedure, the overall effect of these allegedly suggestive circumstances was not significantly greater than what is inherent in any showup procedure (see People v McGrier, 205 AD3d 431; People v Joyner, 176 AD3d 607; People v Perez, 156 AD3d 507).
Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt (see People v Contes, 60 NY2d 620, 621). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court