People v Fugate (2023 NY Slip Op 50341(U))

[*1]

People v Fugate (Mark)

2023 NY Slip Op 50341(U)

Decided on April 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570651/18

The People of the State of New York, Respondent,
against
Mark Fugate, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J. at hearing; Joanne B. Watters, J. at plea; Heidi C. Cesare, J. at sentencing), rendered August 2, 2018, convicting him, upon his plea of guilty, of forcible touching, and imposing sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J. at hearing; Joanne B. Watters, J. at plea; Heidi C. Cesare, J. at sentencing), rendered August 2, 2018, affirmed.
The hearing court correctly determined that defendant knowingly and voluntarily waived his Miranda rights before his statements (see People v Williams, 62 NY2d 285, 289 [1984]). The prosecutor's limited introductory remarks prior to administering the Miranda warnings - informing defendant that he could talk "if you want to"; that her job was "to investigate all the arrests that come through on a certain day of the week and see if there's anything there"; and that she wanted to hear "both sides of the story" - were not of the type condemned in People v Dunbar (24 NY3d 304 [2014], cert denied 575 US 1005 [2015]), or that otherwise "undermined the effect of the warnings" (People v Almodovar, 142 AD3d 916 [2016], lv denied 28 NY3d 1070 [2016]; see People v Murphy, 168 AD3d 632, 633 [2019], lv denied 33 NY3d 952 [2019]). In any event, given the generally exculpatory nature of the statements, any error in receiving the statements was harmless.
Our review of the record indicates that defendant's guilty plea was entered knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375 [2015]). In satisfaction of an accusatory instrument charging sexual abuse in the third degree (see Penal Law § 130.55) and forcible touching (see Penal Law § 130.52[1]), defendant agreed to plead guilty to forcible touching in exchange for a sentence of a conditional discharge, which required him to complete a three-month outpatient alcohol program. In response to the court's questioning, defendant stated that he was pleading guilty freely and voluntarily, that he had an opportunity to discuss his case with counsel, and waived specific constitutional rights. At sentencing, defendant acknowledged [*2]that he was being sentenced to a conditional discharge requiring him to lead a law-abiding life for one year and to enroll in and complete a three-month outpatient alcohol program. Defendant also executed a form acknowledging that he was being sentenced to a "one year conditional discharge" and had received a written copy of the terms of the conditional discharge and its expiration date (see CPL 410.10[1]; see also People v Bush, 38 NY3d 66 [2022]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this Court affirm his conviction if it does not grant dismissal. Since it cannot be said that no penological purpose would be served by reinstating the charges (see People v Conceicao, 26 NY3d at 385 n), dismissal is not warranted and we therefore affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2023