People v Harris (2025 NY Slip Op 06728)

People v Harris

2025 NY Slip Op 06728

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2018-12557
 (Ind. No. 1301/16)

[*1]The People of the State of New York, respondent,
v
Gregory Harris, appellant.

Kushner Law Group, PLLC, Brooklyn, NY (Michael P. Kushner of counsel), for appellant.
Susan Cacace, District Attorney, White Plains, NY (Shea Scanlon Lomma and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered September 5, 2018, convicting him of robbery in the first degree (four counts), criminal possession of a weapon in the second degree, robbery in the third degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence, physical evidence, and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was indicted for multiple robberies of the same gas station located in Yonkers. The defendant moved, among other things, to suppress identification evidence, physical evidence, and his statements to law enforcement officials. After a suppression hearing, the County Court denied those branches of the omnibus motion. Following a jury trial at which the People's evidence included video surveillance of the robberies and identification testimony from the complaining witnesses who had viewed the perpetrator unmasked and at close range, the defendant was convicted of four counts of robbery in the first degree and related offenses.
"Where a defendant moves to suppress evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Aguilera, 158 AD3d 638, 638 [internal quotation marks omitted]; see People v Bermudez-Cedillos, 228 AD3d 681, 681). An automobile stop is lawful only when, among other limited possibilities, it is "based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Hinshaw, 35 NY3d 427, 430; see People v Bermudez-Cedillos, 228 AD3d at 681). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113; see People v Bermudez-Cedillos, 228 AD3d at 681).
Here, the County Court did not err in concluding that a police officer's stop of the [*2]defendant's vehicle was supported by reasonable suspicion. The evidence adduced at the suppression hearing established that the police officer observed the defendant approach and attempt to forcibly enter a gas station that had been robbed on three prior occasions. The defendant matched the description and a photograph of the individual that had previously robbed the gas station, wore the same clothing, and left the scene in a vehicle of the same make and model used in the prior robberies, which had been parked in the same location during the prior robberies. Consequently, the record supports the court's determination that the police had reasonable suspicion to stop the vehicle (see People v Bermudez-Cedillos, 228 AD3d at 681-682; People v Echols, 222 AD3d 776, 776), which later ripened into probable cause to place the defendant under arrest (see People v Bermudez-Cedillos, 228 AD3d at 682; People v Mena, 172 AD3d 1235, 1236). Since the initial stop and subsequent arrest of the defendant were lawful, the court correctly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and the physical evidence recovered from subsequent searches as the fruits of the poisonous tree (see People v Bermudez-Cedillos, 228 AD3d at 682; People v Mais, 71 AD3d 1163, 1165).
Likewise, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence from a showup identification procedure. "Showup procedures are disfavored, since they are suggestive by their very nature. However, they are not presumptively infirm and are permissible where exigent circumstances exist requiring immediate identification" (People v Garcia, 210 AD3d 906, 907, affd 43 NY3d 1077; see People v Howard, 22 NY3d 388, 402). "Even in the absence of exigent circumstances, a showup procedure is permissible if it is conducted in close geographic and temporal proximity to the crimes and the procedure used was not unduly suggestive" (People v Garcia, 210 AD3d at 907; see People v Brisco, 99 NY2d 596, 597). Here, the showup procedure was conducted in close geographic and temporal proximity to the crime, and the procedure was not unduly suggestive. It was part of an unbroken chain of events and an ongoing investigation (see People v Brisco, 99 NY2d at 597; People v Garcia, 210 AD3d at 907-908).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator and guilt beyond a reasonable doubt (see People v Patterson, 237 AD3d 859, 859-860; People v Reeves, 208 AD3d 687, 687-688). Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, are without merit or do not warrant reversal.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court