People v Thompson

2026 NY Slip Op 02377

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Anzar Thompson, Appellant.

Decided and Entered: April 21, 2026

Ind. No. 1954/21|Appeal No. 6427|Case No. 2023-00316|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Twyla Carter, The Legal Aid Society, New York (Amy Donner of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Robert Mandelbaum, J., at suppression hearing, Neil Ross, J., at plea, Gregory Carro, J., at sentencing), rendered January 9, 2023, convicting defendant, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, unanimously affirmed.

Defendant failed to preserve his claim that the 911 caller did not provide sufficient information to furnish reasonable suspicion to stop and frisk him (see People v Perez, 156 AD3d 507, 507 [1st Dept 2017], lv denied 30 NY3d 1118 [2018]), and we decline to review it in the interest of justice. Alternatively, we reject it on the merits.

Based on the 911 call, the police had reasonable suspicion to stop and frisk defendant (see CPL 140.50[3]; People v Brannon, 16 NY3d 596, 601-602 [2011]). The caller's tip was "not anonymous, but rather had identifying characteristics that rendered it reliable, including a partial name and callback number" (People v Hall, 23 AD3d 151, 151 [1st Dept 2005], lv denied 6 NY3d 754 [2005]). The caller "provided a detailed and generally accurate description of defendant . . . as well as [his] location" and accurately described the Tennessee license plates on defendant's car (People v Rivera, 84 AD3d 636, 636 [1st Dept 2011], lv denied 17 NY3d 904 [2011]). The recovering officer's contemporaneous observations of defendant and his car corroborated the caller's information and enhanced the caller's veracity (see People v Leighton R., — NY3d —, 2025 NY Slip Op 06534, *4 [2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026